PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
JAMES HOSMANEK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HOSMANEK,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>BERNELL HYDRAULICS INC.;<br>WILLIAM R. RUSHING,<br><br>　　　Defendants. | CASE NO. 5:22-cv-00951<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (including CIVIL CODE §§ 51, 52, 54, 54.1, 54.3 and 55; and HEALTH & SAFETY CODE §§ 19953 *et seq.*); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990 (including 42 USC §§ 12181 *et seq.*)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff JAMES HOSMANEK complains of Defendants BERNELL HYDRAULICS INC. and WILLIAM R. RUSHING, and each of them, and alleges as follows:

1.　　**INTRODUCTION:**  Plaintiff is a disabled veteran who suffers from osteoarthritis and degenerative disc disease.  He has difficulty walking long distances, and climbing stairs is very difficult for him.  This is the first and only ADA lawsuit, and his counsel do not represent high frequency litigants.

2.　　On April 18, 2022, Plaintiff went to the Bernell Hydraulics located at 8810 Etiwanda Ave, Rancho Cucamonga, CA 91739, to have two hydraulic rams for his boat repaired. It was very difficult for Plaintiff to access Bernell Hydraulics due to the lack of designated

1

1    accessible parking spaces in the store's parking lot, and because the path to the entrance is only

2    traversable by stairs.  There is also a lack of accessible entrance, and the lack of an accessible

3    restroom that does not have proper grab bars, among other barriers to its use.  Plaintiff

4    experienced difficulty, discomfort and embarrassment due to the lack of an accessible features at

5    the property.  Specifically, it was difficult for him to park and climb stairs, open the entrance

6    door, and to use the restroom.   Additionally, Plaintiff had to experience the same lack of access

7    when he picked up his repaired hydraulic rams on April 22, 2022.

8         3.     Defendants denied disabled Plaintiff JAMES HOSMANEK accessible public

9    facilities, including a compliant accessible path of travels and accessible parking at the Bernell

10   Hydraulics.  Plaintiff JAMES HOSMANEK is a "person with a disability" or "physically

11   handicapped person."  He is unable to use portions of public facilities which are not accessible to

12   mobility disabled persons.  On or about April 18, 2022, and April 22, 2022, Plaintiff was denied

13   his rights to full and equal access at Bernell Hydraulics.  He was denied his civil rights under both

14   California law and federal law, and continues to have his rights denied, because these facilities

15   were not, and are not now, properly accessible to physically disabled persons.

16        4.     Plaintiff seeks injunctive relief to require Defendants to make these facilities

17   accessible to disabled persons and to ensure that any disabled person who attempts to patronize

18   the subject premises will be provided accessible facilities.  Plaintiff also seeks recovery of

19   damages for his discriminatory experiences and denial of access and of civil rights, which denial

20   is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiff

21   also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under

22   federal and state law.

23        5.     **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC

24   section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC

25   sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action

26   arising from the same facts are also brought under California law, including but not limited to

27   violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52,

28   54, 54.1, 54.3 and 55; and Title 24 California Code of Regulations, the California State Building

1   Code.

2   6.   **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is

3   founded on the fact that the real property which is the subject of this action is located in this

4   district and that Plaintiff's causes of action arose in this district.

5   7.   **INTRADISTRICT:**  This case should be assigned to the Western Division as the

6   real property which is the subject of this action is located in this intradistrict and Plaintiff's causes

7   of action arose in this intradistrict.

8   8.   **PARTIES:**   Plaintiff is a qualified physically disabled person.  He has been

9   diagnosed with osteoarthritis and degenerative disc disease.  Both of these conditions

10   substantially limit Plaintiff's ability to ambulate, climb stairs, and stand up from a sitting position.

11   He is unable to use portions of public facilities which are not accessible to mobility disabled

12   persons.  Plaintiff is entitled by permit from the State of California to park any vehicle which he

13   drives or is transported in, in a designated and properly configured disabled accessible parking

14   space.

15   9.   Defendants BERNELL HYDRAULICS INC. and WILLIAM R. RUSHING are

16   and were the owners, operators, lessors and/or lessees of the subject business, property and

17   buildings known as Bernell Hydraulics located at 8810 Etiwanda Ave, Rancho Cucamonga, CA

18   91739, at all times relevant to this Complaint.  Plaintiff is informed and believes Defendants

19   performed all acts and omissions stated herein which proximately caused the damages

20   complained of. Plaintiff is informed and believes that each of the Defendants herein is the agent,

21   employee, or representative of each of the other Defendant, and each performed all acts and

22   omissions stated herein within the scope of such agency or employment or representative capacity

23   and is responsible in some manner for the acts and omissions of the other Defendants in

24   proximately causing the damages complained of herein.

25   10.   Bernell Hydraulics is a place of "public accommodation" and "business

26   establishment" subject to the requirements of multiple categories of 42 USC section 12181(7)(E)

27   of the Americans with Disabilities Act of 1990, including a sales establishment; of California

28   Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of

3

California Civil Code sections 54 *et seq*.  On information and belief, Bernell Hydraulics and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq*., and, as to construction and/or alterations since January 26, 1993, to the disabled access requirements of section 12183 of the Americans with Disabilities Act of 1990.  Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code.  Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

**FIRST CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A**
**PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq*.)**

11.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 10, above, and incorporates them herein by reference as if separately repled hereafter.

12.    Plaintiff JAMES HOSMANEK and other similarly situated physically disabled persons who are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19955 -19959. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19955 *et seq*.  Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act."  "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places."  Civil Code § 54(a).  Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations,

4

1  advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places

2  to which the general public is invited." Civil Code § 54.1(a).  Additionally, any violation of the

3  ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also

4  incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

5        13.    Title 24, California Code of Regulations, formerly known as the California

6  Administrative Code and now also known as the California Building Code, was in effect at the

7  time of each alteration which, on information and belief, occurred at such public facility since

8  January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever

9  each such "alteration, structural repair or addition" was carried out.  On information and belief,

10  Defendants and/or their predecessors in interest carried out new construction and/or alterations,

11  structural repairs, and/or additions to such buildings and facilities during the period Title 24 has

12  been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations,

13  structural repairs, and/or additions which triggered access requirements at all relevant portions

14  Bernell Hydraulics, also occurred between July 1, 1970, and December 31, 1981, and required

15  access pursuant to the A.S.A. (American Standards Association) Regulations then in effect,

16  pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*.

17  Further, on information and belief, additions to the building after the initial construction also

18  occurred after January 1, 1972, triggering access requirements per Health and Safety Code section

19  19959.  Alterations or additions after January 26, 1993, trigger ADA liability and requirements

20  per 42 USC sections 12182 and 12183 of the ADA.

21        14.    **FACTUAL STATEMENT**:  Plaintiff needed to have the hydraulic rams on from

22  his boat repaired, so on April 18, 2022, he went to Bernell Hydraulics to inquire whether they

23  could assist him with the repairs.  Plaintiff drove his disabled licensed vehicle to the Bernell

24  Hydraulics located at 8810 Etiwanda Ave, Rancho Cucamonga, CA 91739.  When he arrived in

25  the parking lot, Plaintiff did not see any parking spaces which were designated as the accessible

26  parking space.  There were no parking spaces striped with blue paint, and there was no signage

27  indicated where the designated accessible parking was located.  Plaintiff parked his car in the

28  closest available parking space to the entrance of the business, but there were vehicles with no

disabled placard or license plates in parking places much closer to the building.

15.     Plaintiff exited his vehicle, retrieved the parts he wanted repaired, and began walking to the front entrance of Bernell Hydraulics.  As he approached the entrance, Plaintiff saw that he would need to climb two stairs in order to enter the business.  Due to his disability, climbing stairs is difficult, exhausting and painful for Plaintiff, so he briefly investigated whether there was an alternative path of travel to the entrance door which would not require him to climb stairs.  Plaintiff was unable to find a ramped or other accessible route, so with difficulty, he climbed the stair to get to the entrance of the business.  Below is a true and correct photograph of the entrance to Bernell Hydraulics as it looked on the day of Plaintiff's visit.



16.     Seeing no alternative entrance, Plaintiff slowly climbed the stairs and approached the door.  Plaintiff opened the door, but it was difficult for him due to the heavy weight of the door.

17.     After Plaintiff entered Bernell Hydraulics, he approached the counter and asked to

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

speak with an employee who could assist him in repairing the boat rams he had brought with him. The person at the counter directed him to go down to the service level to speak with a mechanic. With difficulty, Plaintiff descended the few stairs to the service area to speak with a mechanic. The mechanic informed Plaintiff that he could repair the boat rams, so Plaintiff left them with Defendants' employee and climbed the stairs back to the main level to exit the shop.

18.     As Plaintiff was leaving, he saw an available restroom.  Some of the medications that Plaintiff are diuretics, and which cause him the need to urinate frequently.  Therefore, whenever Plaintiff passes a restroom, he stops to use the facilities.  Plaintiff entered the restroom, and he sat down on the toilet.  However, when he was ready to stand up, he noticed that there were no grab bars to hold onto to assist him in getting off the toilet.  Standing from a sitting position is difficult for Plaintiff even with the assistance of another person, grab bar, or railing, but doing so without any assistance is exhausting and painful for Plaintiff.  A true and correct photograph of the restroom at Bernell Hydraulics on the day of Plaintiff's visit is below:



COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

19.     After using the restroom, Plaintiff exited the store again having difficulty with the heavy exterior door.  He also had to climb down the stairs to get to the parking lot level and then walk some distance to his vehicle.  Plaintiff then got into his vehicle and drove home.

20.     When he got home, Plaintiff had lie down and rest due to the extra energy he had to expend to patronize Bernell Hydraulics due to the lack of accessible features at Defendants' facilities.  In particular, it was exhausting and painful for Plaintiff to climb stairs and to stand from a seated position on a toilet without the assistance of grab bars.

21.     Plaintiff had to return to Bernall Hydraulics on April 22, 2022, so that he could pick up and pay for the hydraulic boat rams that were repaired by Defendants.  When he returned, he encountered the same barriers to access that he had on his previous visit.  Except that he was deterred from attempting to use the restroom because he knew that the lack of grab bars near the toilet would cause him too much difficulty and discomfort.

22.     Plaintiff and other disable patrons at Bernell Hydraulics need designated accessible parking which is close to the business.  The designated accessible parking space should have an accessible path of travel connecting it to the entrance to the business and to restroom with accessible features such as grab bars.  Plaintiff would like to return to Bernell Hydraulics to have the rams on his RV repaired, because he found the work that Defendants' employees did was excellent and fairly priced.  However, Plaintiff is deterred from returning to the facility until proper disabled access is provided.

23.     The subject premises used to have disabled parking and a ramp to the entrance as seen below in approximately 2016, according to Google Maps:

8

1
2
3
4
5
6
7
8
9
10



11  24.   Since 2016, however, an alteration removed accessible parking and the accessible

12  ramp, as seen below in this Google Maps photo:

13



14
15
16
17
18
19
20
21
22
23
24

25  25.   The same disabled accessible parking sign is still observable even though the

26  parking and ramp are gone. Such an alteration required that the area of alteration be made

27  accessible, and the paths of travel serving that area, including the restrooms, must also be made

28  accessible. None of that was done between 2016 and 2022 when the alterations were done.

9

26.     The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).  All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when he returns to the premises.  All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

27.     Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

28.     **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of designated accessible parking spaces and accessible paths of travel at places of public accommodation.

29.     Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to patronize Bernell Hydraulics and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons. Plaintiff has found that Bernell Hydraulics does excellent work and is conveniently located to Plaintiff's home.  He intends to return and patronize Bernell Hydraulics once it is made accessible

1    in order to use the services to have other hydraulic rams repaired and/or rebuilt.  Specifically,

2    Plaintiff has an older model RV with hydraulic rams which he would like to have rebuilt at

3    Bernell Hydraulics.

4         30.    The acts of Defendants have proximately caused and will continue to cause

5    irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to

6    all inaccessible areas of the premises that he has personally encountered, and, as to all areas

7    identified during this litigation by Plaintiff's access consultant, that he or other physically

8    disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir.

9    2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs*

10   *Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to the Defendants that currently own, operate,

11   and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent

12   injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full

13   and equal access for disabled persons, and for reasonable statutory attorney fees, litigation

14   expenses and costs.

15        31.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any

16   continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways

17   complained of and to require Defendants to comply forthwith with the applicable statutory

18   requirements relating to access for disabled persons.  Such injunctive relief is provided by

19   California Health & Safety Code section 19953 and California Civil Code section 55, and other

20   law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3

21   and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code

22   section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other

23   law, all as hereinafter prayed for.

24        32.    **DAMAGES:**  As a result of the denial of full and equal access to the described

25   facilities and due to the acts and omissions of Defendants in owning, operating, leasing,

26   constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of

27   his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has

28   suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal

1  injuries, all to his damages per Civil Code section 54.3, including general and statutory damages,

2  as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against

3  Plaintiff on the basis that he was and is physically disabled and unable, because of the

4  architectural and other barriers created and/or maintained by the Defendants in violation of the

5  subject laws, to use the public facilities on a full and equal basis as other persons.  These

6  violations have deterred Plaintiff from returning to patronize Bernell Hydraulics and will continue

7  to cause him damages each day these barriers to access continue to be present.

8       33.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and conduct,

9  Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by

10  statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access

11  for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore

12  seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the

13  provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section

14  19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make its facilities

15  accessible to all disabled members of the public, justifying "public interest" attorney fees,

16  litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure

17  section 1021.5 and other applicable law.

18       WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

19                        **SECOND CAUSE OF ACTION:**
   **VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE**
20  **SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS**
                              **INCORPORATED**
21                    **BY CIVIL CODE SECTION 51(f)**

22       34.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the

23  factual allegations contained in Paragraphs 1 through 33 of this Complaint and incorporates them

24  herein as if separately re-pleaded.

25       35.    At all times relevant to this complaint, California Civil Code section 51 has

26  provided that physically disabled persons are free and equal citizens of the state, regardless of

27  medical condition or disability:

28       All persons within the jurisdiction of this state are free and equal, and no matter

12

what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

36.     California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

37.     Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

38.     Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

39.     The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and is responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

40.     **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the

provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq***

41.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 40 of this Complaint and incorporates them herein as if separately re-pleaded.

42.    In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

43.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

44.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of

14

discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

45.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "shopping center, or other sales or rental establishment." 42 USC § 12181(7)(E).

46.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated

15

differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

47.     The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

48.     The ability to safely use parking facilities and walkways is a fundamental necessity of accessing and using Bernell Hydraulics.  Therefore, the benefits of creating accessible parking and paths of travel does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a sale and service establishment, such as the costs of as ensuring fire safety.  It is thus readily achievable to remove these barriers.

49.     On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled

persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

50.     Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing Bernell Hydraulics and discriminated and continues to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

51.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff JAMES HOSMANEK is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

52.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff JAMES HOSMANEK is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize Bernell Hydraulics, in light of Defendants' policies and physical premises barriers.

17

1   WHEREFORE, Plaintiff requests relief as outlined below.

2                                    **PRAYER**

3          Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this

4   Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the

5   unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless

6   Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy and

7   opposing legal positions as to Defendants' violations of the laws of the United States and the

8   State of California. The need for relief is critical because the rights at issue are paramount under

9   the laws of the United States and the State of California.

10         WHEREFORE, Plaintiff JAME HOSMANEK prays for judgment and the following

11  specific relief against Defendants:

12         1.      Issue a preliminary and permanent injunction directing Defendants as current

13  owners, operators, lessors, and/or lessees of the subject property and premises to modify the

14  above described property, premises, policies and related facilities to provide full and equal access

15  to all persons, including persons with physical disabilities; and issue a preliminary and permanent

16  injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide

17  facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide

18  full and equal access, as required by law, and to maintain such accessible facilities once they are

19  provided; to cease any discriminatory policies, and to train Defendants' employees and agents in

20  how to recognize disabled persons and accommodate their rights and needs;

21         2.      Retain jurisdiction over the Defendants until such time as the Court is satisfied that

22  Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically

23  inaccessible public facilities and policies as complained of herein no longer occur, and cannot

24  recur;

25         3.      Award to Plaintiff all appropriate damages, including but not limited to statutory

26  damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all

27  according to proof;

28         4.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and

costs of this proceeding as provided by law;

     5.     Award prejudgment interest pursuant to Civil Code section 3291; and

     6.     Grant such other and further relief as this Court may deem just and proper.

Date: June 7, 2022               REIN & CLEFTON

                                            */s/ Aaron Clefton*
                                       By AARON CLEFTON, Esq.
                                     Attorney for Plaintiff
                                     JAMES HOSMANEK

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: June 7, 2022               REIN & CLEFTON

                                            */s/ Aaron Clefton*
                                       By AARON CLEFTON, Esq.
                                     Attorney for Plaintiff
                                     JAMES HOSMANEK

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES